UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE W. HOOKER,

    Plaintiff,

    v.

M. SPEARMAN, Acting Warden,

    Defendant.

Case No. 14-cv-04287-DMR (PR)

**ORDER OF DISMISSAL**

Plaintiff has filed a *pro se* petition for a writ of mandate/prohibition pursuant to 28 U.S.C. § 1651 (the All Writs Act)[1] and California Code of Civil Procedure § 1085 et seq. Dkt. 1. He has paid the full $5.00 filing fee.

This action has been assigned to the undersigned magistrate judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On October 14, 2014, Plaintiff consented to magistrate judge jurisdiction in this matter. Dkt. 4.

**I.    BACKGROUND**

On August 26, 2008, Plaintiff pleaded no contest in Santa Clara County Superior Court to

---

[1] Writs of mandamus have been abolished in the United States District Courts. Fed. R. Civ. P. 81(b); *Finley v. Chandler*, 377 F.2d 548 (9th Cir.), *cert. denied*, 389 U.S. 869 (1967); *cf. In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (R. App. P. 21(a) continues to authorize applications to Courts of Appeals for mandamus, despite abolition of the writ in district courts by Rule 81(b).). District courts may, however, grant writs in the nature of mandamus under 28 U.S.C. § 1651 when necessary or appropriate in aid of their respective jurisdictions. 28 U.S.C. § 1651; *Finley*, 377 F.2d at 548. Therefore, the Court construes the instant petition for a writ of mandate/prohibition as being brought pursuant to 28 U.S.C. § 1651.

1    inflicting corporal injury on his spouse, Cal. Penal Code § 273.5(a), and inflicting corporal injury
2    on a child, his stepdaughter, *id.* § 273d(a). Dkt. 1 at 2.[2] Plaintiff also admitted four allegations
3    that he had: (1) inflicted great bodily injury upon his spouse; (2) previously been convicted of
4    inflicting corporal injury on a child and had not remained free of both prison custody and felony
5    convictions for ten years; (3) previously been convicted of a serious felony; and (4) suffered five
6    prior strike convictions under California's Three Strikes law. Dkt. 13 in Case No. C 11-1652 SBA
7    (PR) at 1. On April 2, 2009, the state court sentenced Plaintiff to an indeterminate term of fifty
8    years to life in prison, consecutive to a determinate term of thirteen years. *Id.*

9          Plaintiff claims that on January 30, 2013, he filed motions in the state courts entitled,
10   "Prop. 36 Resentencing Request Motion Brought Under Authority of P.C. § 1170.126, the Three
11   Strike Reform Act." Dkt. 1 at 2. Attached to the instant petition are orders denying the motions
12   (which were construed as petitions for a writ of mandate/prohibition) by the state appellate and
13   supreme courts on August 16, 2013 and January 15, 2014, respectively. *Id.* at 12, 13.

14         Here, in the instant petition, it seems that Plaintiff is requesting that this Court enjoin the
15   state courts from ruling against him on his petition for writ of mandate/prohibition, or that this
16   Court grant the instant petition of writ of mandate/prohibition. *Id.* at 7. Plaintiff also requests to
17   be "released as time served or be resentenced." *Id.*

18         The Court further notes that Plaintiff filed a previous petition for a writ of habeas corpus
19   with this Court, challenging his aforementioned 2008 conviction and resulting sentence. *See* Case
20   No. C 11-1652 SBA (PR). On July 16, 2014, the Court denied the first petition on the merits. *See*
21   Dkt. 13 in Case No. C 11-1652 SBA (PR).

22   **II.     DISCUSSION**

23         A federal court must engage in a preliminary screening of any case in which a prisoner
24   seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28
25   U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

---

[2] Plaintiff claims in the instant petition that on "February 14, 2008," he pleaded "not guilty to the charges." Dkt. 1 at 2. However, the record shows that Plaintiff later pleaded no contest to the same charges on August 26, 2008. Dkt. 13 in Case No. C 11-1652 SBA (PR) at 1.

1  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
2  seek monetary relief from a defendant who is immune from such relief.  *See id.* at
3  1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*
4  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

5  The threshold question here is whether the Court has subject matter jurisdiction over this
6  action.  Upon due consideration, the Court finds that jurisdiction does not exist under any of the
7  theories outlined below.

8  California's writ of mandate statute, Cal. Code, Civ. Proc. § 1085, cited by Plaintiff in
9  support of his petition, does not apply to a *federal court*.  Therefore, this Court could not issue a
10  writ under § 1085.

11  Meanwhile, the All Writs Act, 28 U.S.C. § 1651 provides that the federal courts "may
12  issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the
13  usages and principles of law."  28 U.S.C. § 1651.  The "in aid of their respective jurisdictions"
14  language does not allow a district court to assume jurisdiction of a bare mandamus petition, when
15  no other basis for federal jurisdiction appears.  *See Petrowski v. Nutt*, 161 F.2d 938, 939 (9th Cir.
16  1947).  Said differently, the All Writs Act "does not operate to confer jurisdiction and may only be
17  invoked in aid of jurisdiction which already exists."  *Malone v. Calderon*, 165 F.3d 1234, 1237
18  (9th Cir. 1999).  Here, there is no jurisdictional basis for Plaintiff's action separate from the All
19  Writs Act.

20  The federal mandamus statute provides that "[t]he district courts shall have original
21  jurisdiction of any action in the nature of mandamus to compel an officer or employee of the
22  United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.
23  Federal district courts are without power to issue mandamus to direct state courts, state judicial
24  officers, or other state officials in the performance of their duties.  A petition for a writ of
25  mandamus "to compel a state court to take or refrain from some action" is "frivolous as a matter of
26  law."  *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing *in*
27  *forma pauperis* order).  Plaintiff cannot obtain a writ of mandamus compelling a particular result
28  by the state courts.  Because the federal mandamus statute does not provide a jurisdictional basis

3

for this action, the All Writs Act may not be invoked in aid of it.

Furthermore, federal habeas jurisdiction does not exist in this case. Although the All Writs Act may permit the issuance of a writ in aid of the Court's habeas jurisdiction, this Court does not have such jurisdiction over Plaintiff's claims.[3] As mentioned above, Plaintiff's federal habeas petition was denied on July 16, 2014, and the Court has no further jurisdiction over it. The All Writs Act may not be invoked in aid of the non-existent habeas jurisdiction.

## III. CONCLUSION

For the forgoing reasons, the Court finds that it has no subject matter jurisdiction over this action. In addition, there exists no pleading deficiency that can be cured by amendment: the law is quite settled that a federal district court cannot compel a state court to take a particular action. Because it is abundantly clear that any effort to amend the petition would be futile, the Court will not grant leave to amend. Accordingly, the petition for a writ of mandate/prohibition is DENIED with prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall close the file, terminate any pending motions as moot, and enter judgment in this matter.

IT IS SO ORDERED.

Dated: 11/14/2014

DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\HC.14\Hooker4287.Dismiss(mandamus).docx

---

[3] "A writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, may issue against a state court in that rare instance where the case has been actually within the jurisdiction of the federal court, the federal court has ruled and the state court has apparently disobeyed directly the order of the federal court." *Craigo v. Hey*, 624 F. Supp. 414, 415 (S.D. W.Va. 1985). Such is not the case here.

4